PER CURIAM.
The Florida Bar, as part of its annual review and with the authorization of the board of governors, petitions this Court to amend or adopt Rules Regulating The Florida Bar. At the request of the Bar, and with no objection from other parties, two subchap-ters proposing standards of certification for health law attorneys and immigration and nationality lawyers have been severed from the general petition and granted expedited review by this Court. The remaining rules will be disposed of by separate opinion after oral argument is heard on August 30, 1994. We have jurisdiction pursuant to article V, sections 2(a) and 15 of the Florida Constitution, and approve the proposed subchapters.
The proposed subchapters present new areas of certification for attorneys who practice in the fields of health law and immigration and nationality law. Proposed subchapter 6-14 provides the Standards for Certification of Board Certified Health Law Attorneys and proposed subchapter 6-15 provides the Standards for Certification of Board Certified Immigration and Nationality Lawyers. Each subchapter encompasses new rules that define the field of law, specify the minimum standards for certification, and provide the requirements for recertification.
We have considered the proposed subchap-ters to which there is no opposition. Accordingly, the rules are amended as reflected in the appendix to this opinion. New language is indicated by underscoring. These rules shall take effect upon the release of this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and WELLS, JJ., concur.
APPENDIX
6-14. STANDARDS FOR CERTIFICATION OF A BOARD CERTIFIED HEALTH LAW ATTORNEY
RULE 6-14.1 GENERALLY
A lawyer who is a member in good standing of The Florida Bar and who meets the standards prescribed below may be issued an appropriate certificate identifying the lawyer' as a “Board Certified Health Law Attorney.” The purpose of the standards is to identify those lawyers who practice in the area of health law and have the special knowledge, skills, and proficiency to be properly identified to the public as certified health law attorneys.
RULE 6-14.2 DEFINITIONS
(a) Health Law. “Health law” means legal issues involving federal, state, or local law, rules or regulations and health care provider issues, regulation of providers, legal issues regarding relationships between and *1328 among providers, legal issues regarding relationships between providers and payors, and legal issues regarding the delivery of health care services.
(b) Practice of Law. The “practice of law” for this area is defined as set out in rule 6-3.5(c)(l). Notwithstanding anything in the definition to the contrary, legal work done primarily for a purpose other than legal advice or representation (including, but not limited to, work related to the sale of insurance or retirement plans or work in connection with the practice of a profession other than the law) shall not be treated as the practice of law.
RULE 6-14.3 MINIMUM STANDARDS
(a) Minimum Period of Practice. Every applicant shall have been engaged in the practice of law in the United States, or engaged in the practice of United States law while in a foreign country, and shall have been a member in good standing of the bar of any state of the United States or the District of Columbia for a period of 5 years as of the date of application.
(1) The years of practice of law need not be consecutive.
(2) Notwithstanding the definition of “practice of law” in rule 6 — 3.5(c)(1), receipt of an LL.M. degree in health law (or such other related fields approved by the board of legal specialization and education and the health law certification committee) from an approved law school shall be deemed to constitute 1 year of the practice of law for purposes of the 5-year practice requirement (but not the 5-year bar membership requirement) under this subdivision. However, an applicant may not receive credit for more than 1 year of practice for any 12-month period under this subdivision; accordingly, for example, an applicant who, while being engaged in the practice of law, receives an LL.M. degree by attending night classes, would not receive credit for the practice of law requirement by virtue of having received the LL.M. degree.
(b) Substantial Involvement. Every applicant must demonstrate substantial involvement in the practice of health law during the 3 years immediately preceding the date of application. Upon an applicant’s request and the recommendation of the health law certification committee, the board of legal specialization and education may waive the requirement that the 3 years be “immediately preceding” the date of application if the board of legal specialization and education determines the waiver is warranted by special and compelling circumstances. Substantial involvement means the applicant has devoted 40 percent or more of the applicant’s practice to matters in which issues of health law are significant factors and in which the applicant had substantial and direct participation in those health law issues. An applicant must furnish information concerning the frequency of the applicant’s work and the nature of the issues involved. For the purposes of this subdivision the “practice of law” shall be as defined in rule 6 — 3.5(c)(1), except that it shall also include time devoted to lecturing and/or authoring books or articles on health law if the applicant was engaged in the practice of law during such period. Demonstration of compliance with this requirement shall be made initially through a form of questionnaire approved by the health law certification committee but written or oral supplementation may be required.
(c) Peer Review. Every applicant shall submit the names and addresses of 5 other attorneys or .judges who are familiar with the applicant’s practice, not including attorneys who currently practice in the applicant’s law firm, and who can attest to the applicant’s reputation for involvement in the field of health law in accordance with rule 6-3.5(c)(6). The board of legal specialization and education or the health law certification committee may authorize references from persons other than attorneys in such cases as they deem appropriate. The board of legal specialization and education and the health law certification committee may also make such additional inquiries as they deem appropriate.
(d) Education. Every applicant must demonstrate that during the 3-year period immediately preceding the date of application, the applicant has met the continuing legal education requirements in health law as *1329 follows. The required number of hours shall be established by the board of legal specialization and education and shall in no event be less than 60 hours. Credit for attendance at continuing legal education seminars shall be “'given only for programs that are directly related to health law. The education requirement may be satisfied by 1 or more of the following:
(1) attendance at continuing legal education seminars meeting the requirements set forth above;
(2) lecturing at and/or preparation of outline material of such continuing legal education seminars;
(3) authoring articles or books published in professional periodicals or other professional publications;
(4) teaching courses in “health law” at an approved law school or other graduate or undergraduate level program presented by a recognized professional education association;
(5) completing such home study programs as may be approved by the board of legal specialization and education or the health law certification committee, subject to the limitation that no more than 50 percent of the required number of hours of education may be satisfied through home study programs; or
(6) such other methods as may be approved by the health law certification committee.
The board of legal specialization and education or the health law certification committee shall, by rule or regulation, establish standards applicable to this rule, including, but not limited to, the method of establishment of the number of hours allocable to any of the above-listed subdivisions. Such rules or regulations shall provide that hours shall be allocable to each separate but substantially different lecture, article, or other activity described in subdivisions (2), (3), and (4) above-
Ce) Examination. Every applicant must pass a written examination designed to demonstrate sufficient knowledge, skills, and proficiency in the field of health law to justify the representation of special competence to the legal profession and the public.
RULE 6-14.4 RECERTIFICATION
To be eligible for recertification, an applicant must meet the following requirements:
(a) Substantial Involvement. Applicants must demonstrate a satisfactory showing, as determined by the board of legal specialization and education and the health law certification committee, of continuous and substantial involvement in the field of health law throughout the period since the last date of certification. The demonstration of substantial involvement shall be made in accordance with the standards set forth in rule 6-14.3(b), except that the board of legal specialization and education and the health law certification committee may accept an affidavit from the applicant attesting to the applicant’s compliance with the substantial involvement requirement.
(b) Continuing Legal Education Requirement. Applicants must demonstrate the completion of at least 100 hours of continuing legal education since the filing of the last application for certification (or recertifi-cation). The continuing legal education must logically be expected to enhance the proficiency of attorneys who are board certified health law attorneys. If the applicant has not attained 100 hours of continuing legal education, but has attained more than 60 hours during such period, successful passage of the written examination given by the board of legal specialization and education to new applicants shall satisfy the continuing legal education requirements.
(c) Peer Review. Peer review shall be conducted in accordance with the standards set forth in rule 6-14.3(c).
(d) Examination Requirement; If, after reviewing the material submitted by an applicant for recertification, the board of legal specialization and education and the health law certification committee determine that the applicant may not meet the standards in health law established under this chapter, the board of legal specialization and education and the health law certification committee may require, as a condition of recertification, that the applicant pass the written examina *1330 tion given by the board of legal specialization and education to new applicants.
6-15. STANDARDS FOR CERTIFICATION OF A BOARD CERTIFIED IMMIGRATION AND NATIONALITY LAWYER
RULE 6-15.1 GENERALLY
A lawyer who is a member in good standing of The Florida Bar and who meets the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a “Board Certified Immigration and Nationality Lawyer.” The purpose of the standards is to identify those lawyers who practice immigration and nationality law and have the special knowledge, skills, and proficiency to be properly identified to the public as certified immigration and nationality lawyers.
RULE 6-15.2 DEFINITIONS
(a) Immigration and Nationality Law. “Immigration and nationality law” is the law dealing with all aspects of the United States Immigration and Nationality Act.
(b) Practice of Law. The “practice of law” for this area is defined as set out at rule 6-3.5(c)(l).
RULE 6-15.3 MINIMUM STANDARDS
(a) Minimum Period of Practice. Every applicant shall have been engaged in the practice of law for 5 years on a full-time basis.
(b) Substantial Involvement. Every applicant must demonstrate to the immigration and nationality certification committee substantial involvement in the practice of immigration and nationality law during the 3 years immediately preceding the date of application. Substantial involvement means that the applicant has devoted 40 percent or more of the applicant’s practice to matters in which issues of immigration and nationality law are significant factors and in which the applicant had substantial and direct participation in those issues. Matters in which issues of immigration and nationality law are significant factors include, but are not limited to:
(1)the representation of clients before the Immigration and Naturalization Service through either the preparation of petitions and applications’ for immigration benefits and discretionary relief or the appearance as counsel at deferred, inspections, adjustment of status, and other interviews;
(2) the representation of clients before the Executive Office for Immigration Review during exclusion, deportation, and bond proceedings;
(3) the representation of clients before the Department of Labor through the preparation of Labor Certification Applications, Labor Condition Applications, and such other Department of Labor applications, petitions, and processes as are required in the Immigration and Nationality Act as a prerequisite for immigration benefits;
(4) the representation of clients before the Department of State in matters pertaining to the consular processing of visa applications; and
(5) the representation of clients in matters of original and appellate .jurisdiction before United States district courts and United States courts of appeals.
The immigration and nationality certification committee may waive the 3 years immediately preceding the date of application requirement upon good cause shown.
(c) Peer Review. Every applicant shall submit to the immigration and nationality certification committee the names and addresses of 5 attorneys who are familiar with the applicant’s practice, but who are not members of the applicant’s law firm, and who can attest to the applicant’s reputation for substantial involvement in the field of immigration and nationality law. The immigration and nationality certification committee may authorize references from persons other than attorneys upon good cause shown.
(d) Education. Every applicant must demonstrate to the immigration and nationality certification committee’s satisfaction that the applicant has met the continuing legal education requirement in immigration and nationality law. The minimum educational requirement shall be the equivalent of 60 hours continuing legal education in immigration and nationality law within the 3 years immediately preceding application. The edu *1331 cational requirement may be met in full or part by the following:
(1) attending continuing legal education seminars in immigration and nationality law;
(2) teaching a course in immigration and nationality law;
(3) participating as a panelist or speaker at an immigration and nationality law seminar;
(4) writing articles or books on subjects dealing with immigration and nationality law;
(5) participating in the work of a professional committee dealing with a specific problem of substantive or procedural immigration and nationality law;
(6) completing home study programs in the area of immigration and nationality law provided, however, that no more than 50 percent of the educational requirement may be met through home study programs; and
(7) such other methods as may be approved by the immigration and nationality certification committee in conjunction with the board of legal specialization and education.
The immigration and nationality certification committee in conjunction with the board of legal specialization and education shall establish standards applicable to this rule regarding the number of hours allocable to any of the above-listed subdivisions.
(e) Examination. Every applicant must pass a written examination designed to demonstrate sufficient knowledge, skills, and proficiency in the field of immigration and nationality law to justify the representation of special competence to the legal profession and the public.
RULE 6-15.4 RECERTIFICATION
To be eligible for recertification, an applicant must meet the following requirements:
(a) Substantial Involvement. Applicants must demonstrate to the immigration and nationality certification committee continued substantial involvement in the field of immigration and nationality law during the period since the last date of certification. The demonstration of substantial involvement shall be made in accordance with the standards set forth in rule 6-15.S(b) above.
(b) Continuing Legal Education Requirement. Applicants must demonstrate to the immigration and nationality certification committee the completion of the equivalent of 100 hours of continuing legal education in the area-of immigration and nationality law during the period since the last date of certification. At least 60 of such hours shall be during the 3 year period immediately preceding the date of application. The education requirements shall be met in accordance with standards set forth in rule 16-5.3(d) above.
(c) Peer Review. Peer review shall be conducted in accordance with the standards set forth in rule 6-15.3(c).
(d) Examination Requirement. If the immigration and nationality certification committee determines that any applicant does not meet the standards set forth under rule 6-15.4(b) of this chapter, the immigration and nationality certification committee may, for good cause shown, require that the applicant pass the examination in lieu thereof.